Chief Justice Robertson
delivered the Opinion of the Court.
This is an action of debt against a sheriff and his sureties, for an alleged delinquency by the officer, in taking insufficient security on a replevin bond, in a judgment for the benefit of the Bank of the Commonwealth.
On the trial, upon an issue involving the legality or illegality of the sheriff’s conduct in taking the bond, the Court having permitted a witness for the defendants to state that the sureties in the replevin bond owned, at its date, estate exceeding the amount to be secured by the bond, and that he “considered them good,” verdict and judgment were rendered for the defendants, although there was proof that a fieri facias on the bond, had been returned nulla bona.
Whether the testimony of that witness was admissible, is the principal question presented on this writ of error. If the Court did not err in admitting the testimony, the verdict should be sustained, because — although the sheriff took the security at his peril, and should be liable if the sureties were in fact insufficient when the bond was given — yet, if they were then good, or the jury so believed, he should not be made liable for their subsequent insolvency, if he acted in good faith— and there is no suggestion that he did not so act.
The counsel objects to that portion of the testimony which contains, as he seems to think, no more than the opinion of the witness. If it be considered that the opinion of a witness respecting the sufficiency of a surety, would be incompetent as evidence, and that facts and not any mere deduction from them, should be presented to the jury, still the testimony now questioned was, in our judgment,, legal. After the witness had *302 stated the fact, that the sureties owned property exceeding in value the amount of their liability, his considering “them good,” should be deemed to have been a deduction from the fact which he had thus affirmed, and as amounting only to this, that, having sufficient estate, he knew no reason why they were not good security; or, in other words, that he was unapprised of any indebtedness or other circumstance which opposed the inference from the fact, that they owned sufficient estate.
The testimony being competent, the jury had a right to decide as to its just weight and influence. And although it was far from being conclusive, or even very persuasive, against the deduction from the official return on the execution on the bond, nevertheless it should, after a full and fair trial, be deemed sufficient to sustain the verdict for the defendants.
Wherefore, the judgment of the Circuit Court must be affirmed — the errors assigned being insufficient for a reversal.