CASE 12—PETITION ORDINARY—JAN. 22.

# Gray v. Merrill.

APPEAL FROM GREENUP CIRCUIT COURT.

1. A JUDGMENT IS EXTINGUISHED by the execution of a replevin bond.
2. *A surety in a bond to perform the judgment of the court* as provided by section 242 of the Civil Code, is released from liability by the execution of a bond replevying an execution which issued on the judgment.

W. J. SANDS, . . . . . . . . . . . . . For Appellant,

CITED

4 Met. 247, Havens v. Foudry.
2 B. Mon. 303, Kouns v. Bank of Kentucky.
8 Bush, 132, Commonwealth v. Merrigan.

B. F. BURNETT, . . . . . . . . . . . For Appellee,

CITED

1 Duvall, 290, Southern B'k Ky. v. White, &c.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

William Tong instituted an action in the Greenup Circuit Court against Melvin Funk and others, and obtained an attachment that was levied upon the property of the defendants,

and afterward discharged by the execution of a bond to perform the judgment of the court, as provided by section 242 of the Civil Code, with the appellant, Elizabeth Gray, as surety. A judgment was obtained by the plaintiff in the action, and an execution having issued upon it, was replevied by the defendants with the same surety (Elizabeth Gray) on the replevin bond. An execution was issued on the replevin bond and returned to the clerk's office without ever having been levied, by the direction of the plaintiff, at the instance of the real debtors, and, no other execution having issued until more than a year had elapsed, the surety on the replevin bond was released from liability.

The principal debtors being insolvent, an action was then instituted against Elizabeth Gray on the bond executed by her as surety for the performance of the judgment, and by reason of which the attachment was discharged. It appears on the face of the petition that she had been released from liability as surety on the replevin bond because of the failure to issue the execution.

A general demurrer was filed by appellant and overruled, and judgment rendered against her for the amount of the judgment in the original action, of which she now complains.

It has been often held by this court that the judgment is extinguished by the execution of a replevin bond; and a surety for the original debt, and against whom judgment has been rendered, if his name is omitted from the replevin bond, is released from liability unless in a proper time the bond is quashed upon the motion of the plaintiff in the execution, so as to leave the judgment in full force. If so, we can not well see how appellant is to be made liable as surety upon the bond *to perform* the judgment, when that judgment has been satisfied or extinguished by the execution of the replevin bond. The appellee is seeking to recover of the surety upon an obligation to perform the judgment when that judgment has been satisfied.

In the case of Kouns v. Bank of Kentucky (2 B. Mon. 303) the principal debtor replevied the debt, and the name of Combs, who was a surety for the original debt, and against whom judgment was also rendered, was not included in the replevin bond. The sureties in the replevin bond having paid the debt, it was adjudged that Combs, being only surety for the debt, was not liable to contribute. (Hoskins v. Parsons, 1 Met. 253.)

A surety who alone has replevied a judgment may maintain an action against his principal and recover the amount in the same manner as if he had paid the debt, the execution of the replevin bond being regarded as a satisfaction of the judgment. The appellee, instead of proving his remedy on the bond after he had obtained his judgment, saw proper to issue his execution, and the execution having been replevied, satisfied the judgment, and therefore there was no judgment to perform. If the debt had been replevied by a stranger to the transaction, instead of the surety in the attachment bond, there would be no question but that the surety in the attachment bond would be released; and if the execution of the replevin bond satisfied the judgment in the one case it must also satisfy it in the other. (Burns, &c. v. Parish, 3 B. Mon. 8.)

The judgment below is reversed and cause remanded, with directions to sustain the demurrer to the petition, and for further proceedings consistent with this opinion.