### A. CHRIST, ET AL., *v.* B. F. YEWELL.

**Suit on Constable's Bond.**
If a constable accepts on a replevin bond a surety who is worthless he thereby fails to perform his duty, for which he and his sureties become liable, but there is no liability on such bond where the security on the replevin bond was good at the time he was taken. His subsequent financial failure or insolvency will not render the officer liable who took the bond.

APPEAL FROM DAVIESS CIRCUIT COURT.

October 5, 1878.

OPINION BY JUDGE ELLIOTT:

This suit involves the correctness of the judgment below on a suit against a constable for taking a replevin bond with insufficient security. It appears that the Christ put two claims in appellee Yewell's, hands, who agreed as constable of Daviess county to collect.

Judgments were obtained on the claims, executions issued, and on the 15th of March, 1875, Gasser, the judgment debtor, replevied them, with Geo. S. Luckett as his surety, and it is asserted in this suit that, by reason of Luckett's insolvency when taken on the replevin bond, that the constable and his sureties on his official bond are responsible for the amount of these claims. On the trial of the case the law and facts were by consent submitted to the court, and his judgment is therefore entitled to the same effect as if the same conclusion had been reached by the verdict of a jury; and tested by this rule we are of opinion that the judgment should be affirmed.

It is established by the evidence of several witnesses, as well as Luckett himself, that at the time he replevied the claims in dispute he was the owner of personal property subject to execution to the value of $1,000 or upwards, and that afterward he sold this property and paid the purchase price to one of his creditors; and the evidence is ample that he not only had visible estate subject to execution, but was considered by the public officers of his county and his neighbors as perfectly good for the amount of the claims in dispute in this appeal.

If Luckett was not good at the time he was taken on the replevin bond, then the taking it was a dereliction of official duty which would render the constable and his sureties liable for the amount of the replevied debt. But (as this court has decided in *Commonwealth v. Thompson*, 3 Dana 301), if the security on the replevin bond was good at the time he was taken, his subsequent financial failure or insolvency would not render the officer who took the bond responsible for the replevied debt.

We are of opinion that the estate owned by the security at the time he executed the bond, as proven in this record, authorized the appellee to take the security, or at least authorized the court to determine in his favor, and therefore the judgment is *affirmed*.

*Owen & Ellis, for appellants.*
*Riley, Joley & Walker, for appellee.*