(27 Misc. Rep. 507.)

## NEELY v. MUNNICH.

(Supreme Court, Appellate Term. May 24, 1899.)

ATTACHMENT—MOTION TO VACATE—ANNULMENT.
　　An order of reference to take the proofs and report on a motion to vacate an attachment is properly vacated where, before the hearing thereon, the judgment is paid in full; since thereby the attachment was annulled, under Code Civ. Proc. § 3343, subd. 12.

Appeal from city court of New York, general term.

Attachment by William Neely against Christopher Munnich. From a judgment of the general term affirming a judgment vacating an order of reference (57 N. Y. Supp. 1143), defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Hastings & Gleason, for appellant.
Abraham A. Joseph, for respondent.

MacLEAN, J. Upon the hearing of a motion to vacate the attachment issued in the above-entitled action the justice ordered a reference to take proofs and report thereon. Before any hearing was had on such reference, the defendant answered, and made an offer of judgment, which was accepted, and thereupon final judgment was rendered in the action in favor of the plaintiff, which judgment was fully paid. This annulled the attachment (Code Civ. Proc. § 3343, subd. 12), and it thereupon became the duty of the sheriff to deliver over upon demand to the defendant, or to the person entitled thereto, all the attached personal property remaining in his hands (Id. § 709), and to file in the clerk's office the warrant, with the return of his proceedings thereon (Id. § 712). Upon the annulment of the warrant, the motion to vacate it must needs fail, and, together with it, the incidental reference, which was properly vacated. The defendant claims to be aggrieved because, the reference ceasing, he cannot, by a report in his favor, be relieved from the imputations cast upon him in the affidavits upon which the attachment was granted. Whatever might be the outcome in his behalf of the reference, the defendant cannot complain, because he brought about the situation voluntarily by paying the judgment to save further costs. The order appealed from should be affirmed, with costs to the respondent.

Order affirmed, with costs to the respondent. All concur.