CASE 46—ACTION BY EDWARDS-BARNARD CO. AGAINST JOHN R. PFLANZ, SHERIFF, FOR DAMAGES FOR TAKING INSOLVENT SURETIES ON A FORTHCOMING BOND.—APRIL 29.

# . Edwards-Barnard Co. v. Pflanz

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION—SECOND DIVISION.

JUDGMENT DISMISSING PETITION AND PLAINTIFF APPEALS.—AFFIRMED.

SHERIFFS—SERVICE OF ATTACHMENT—FORTHCOMING BOND—INSOLVENT SURETIES—LIABILITY OF OFFICER—SUIT IN CHANCERY—REVIEW OF EVIDENCE—DETERMINATION OF ATTACHMENT—NECESSITY— AMENDING RECORD.

Held:   1. On the appeal of a suit against a sheriff who served an attachment for having taken insolvent sureties on a forthcoming bond, the chancellor's findings will not be disturbed, unless palpably against the weight of evidence.

2. A sheriff serving an attachment is not, in the absence of statute, a guarantor of the solvency of a surety taken by him on a forthcoming bond.

3. Where, in a suit against a sheriff who served an attachment for taking insolvent sureties on a forthcoming bond, the only issue of fact is the sheriff's negligence, a judgment for the sheriff will create a presumption that the chancellor found that he used a reasonable care to ascertain the financial condition of the sureties.

4. The liability of a sheriff, serving an attachment, for taking insolvent sureties on a forthcoming bond, can not exceed that of the sureties.

5. Evidence, in a suit against a sheriff who served an attachment for having taken insolvent sureties on a forthcoming bond, examined, and HELD to sustain a finding that the sheriff used reasonable care.

6. Civ. Code Prac. section 214, authorizing a forthcoming bond to be taken by a sheriff serving attachment, provides that it shall be conditioned that the defendant shall perform the judgment in the action, or that the property or its value shall be forthcoming.  Sections 263, 264, provide for the making of issues on attachment by affidavits, and for their trial.  HELD that, to charge a sheriff with liability for having taken insolvent sureties

on a forthcoming bond, it was necessary that a judgment be rendered sustaining the attachment itself, so as to charge the bond; and a mere personal judgment against the defendant is insufficient.

7. Where, in an action against a sheriff, serving an attachment, for having taken insolvent sureties on a forthcoming bond, an order sustaining the attachment was not introduced below, it can not be added to the record on appeal.

8. The failure of a petition, in an action against a sheriff, serving an attachment, for having taken insolvent sureties on the forthcoming bond, to allege that the attachment was sustained, can not be remedied by filing on appeal a copy of an order sustaining the attachment, even if such amendment of the record were permissible.

G. GARNER CLARK AND W. W. THUM, FOR APPELLANT.

POINTS AND AUTHORITIES.

1. Sheriff is liable for negligently taking insufficient security on a bond. Mechem on Public Officers, sec. 762; Commonwealth v. Powell, 14 Ky. Law Rep., 892; Throop on Public Officers, sec. 754; Rowe v. Williams, 7 B. M., 206; Commonwealth v. Thompson, 3 Dana, 301; Noble v. Desmond, 14 Pac., 16 (Cal.); Carter v. Duggan, 10 N. E., 486 (Mass.); Mayer v. People, 60 N. E., 96 (Ill.); Walterson v. Fuellhart, 32 A., 597, (Pa.); Shearman & Redfield on Negligence, secs. 624-621; Conover v. Com., &c., 2 A. K. Mar., 566; Vicksburg Grocery Co. v. Brennan, 20 S., 845, (Miss.); Fisher v. Davis, Littell's Sel. Cases, 132; People v. Robinson, 89 Ill., 159; Am. & Eng. Ency. of Law, vol. 22, p. 551; Kentucky Statutes, secs. 4141 and 4561; Fitzhugh v. Hackley, 66 S. W., 146, (Ark.)

2. The defendant in this action can not attack the proceedings in the original attachment suit on a question in which he had no interest. Thomas v. Mahone, 9 Bush, 119; Lewis v. Quinker, 2 Metc., 284; Vicksburg Grocery Co. v. Brennan, 20 S., 845, (Miss.); Adams v. Weisberger, 87 N. W., 16; Omaha Carpet Co. v. Clapp, 89 N. W., 246.

3. If proceedings in former action can be attacked, the record in this case shows no irregularity that will defeat a recovery, because (a) the attachment was binding. Carlisle v. Wathen, 78 Ky., 365; Lewis v. Quinker, 2 Metc., 284; Civil Code of Practice, sec. 203, subsec. 2; Bell v. Wood, 87 Ky., 56.

4. Only sufficient evidence to support a *prima facie* case of negligence is required, and has been produced in this case. Dobbs v. Justices of Inferior Courts, 17 Ga., 624; Com v. Powell, 14 Ky. Law Rep., 892; 2 Greenleaf on Evidence, secs.

Edwards-Barnard Co. v. Pflanz.

527, 586; Fitzhugh v. Hackley, 66 S. W., 146 (Ark.); Shear-
man & Redfield on Negligence, sec. 624 and secs. 58-59 Am. &
Eng. Ency. of Law, vol. 5, p. 41; Hoskill v. Com., 3 B. M., 342;
Selma, Rome & Dalton R. R. Co. v. U. S., 139 U. S., 560;
Runkle et al. v. Burnam, 153 U. S., 216; Rose v. Stevens &
Conduit Trans. Co., 11 Fed., 438, cited with approval in Warn.
v. Davis Oil Co., 61 Fed., 631; Western Union v. Howell, 30
L. R. A., 158, 95 Ga., (194); Reed, &c. v. Western Union, 34
L. R. A., 492, (Mo.); Merchants' Nat. Bank v. Garhart, 32 L.
R. A., 775.

KOHN, BAIRD & SPINDLE, FOR APPELLEE.

POINTS AND AUTHORITIES.

1. The judgment of the chancellor in a common law action
submitted in equity will be treated as the verdict of a properly
instructed jury, and will not be disturbed unless flagrantly
against the evidence.

2. In taking a bond, an officer acts at least *quasi* judicially,
and is liable for the insufficiency of the sureties only on the
ground of negligence.

3. The liability of a surety on a forthcoming bond is the
value of the property to the attaching creditor, and therefore
all prior liens are to be deducted in estimating the damage.

4. There can be no liability on a forthcoming bond unless the
attachment be sustained. If a personal judgment only is taken,
it is equivalent to discharging the attachment.

5. Garnishment process directed against money demands does
not reach property demands. Where nothing is attached, a
forthcoming bond is an idle ceremony.

6. There is no authority for the taking of a forthcoming bond
where property is attached only by garnishment process.

7. Garnishment notice is process and must be issued and at-
tested by some officer appointed by law. A notice signed only
by an attorney at law is void.

AUTHORITIES CITED.

1. Railroad v. Woolley, 12 Bush, 451; Walker v. Leslie, 90
Ky., 642; Judge v. Braswell, 13 Bush, 67; Moore v. Estes, 79
Ky., 282; Whitlock v. Ledford, 82 Ky., 390; Mercer v. Mercer,
87 Ky., 30; Fraley v. Peters, 12 Bush, 469; Railroad v. Tay-
lor, 96 Ky., 241; Farmers' Bank v. Stapp, 100 Ky., 432; Mc-
Campbell v. McCampbell, 20 Rep., 552; Scott v. Mitchell, 19
Rep., 1223; Com. v. Tilton, 23 R., 755; Meacham on Public
Officers, secs. 639, 640, 762; Fischer v. Davis, Litt. Select Cases,
132; People v. Robinson, 89 Ill., 159; Hayman v. Hallam, 79

Ky., 389; Connor v. Williams, 17 R., 73; Schwein v. Simms, 2 Met., 209; McNamara v. Mattei, 50 Atl., 35; Dayton v. Merrit, 33 Com., 184; Clark v. Gaylord, 24 Conn., 484; Jackson v. Emmons, 59 Conn., 493; 22 Atl., 296; 1 Sutherland on Damages, sec. 149.

2. Bell v. Western River Co., 3 Met., 557; Hobson v. Hall, 13 R., 109; Hazelrigg v. Donaldson, 2 Metc., 445; Taylor v. Taylor, 3 Bush, 118; Inman v. Stratton, 4 Bush, 445; Brashears v. Wood, 19 R., 1324; Meyer v. Desha, 3 Bush, 212; Oppenheimer v. Riley, 6 Bush, 118; Kassel v. Snead, 21 R., 777; Frances v. Burnett, 84 Ky., 24; Ky. Civ. Code, secs. 263, 264, 262; Shinn on Attachments, vol. —, secs. 291, 292.

3. Sabel v. Bank, 22 R., 1755; Drake on Attachments, sec. 245; Manderson v. Speckert, 79 Ky., 509; Bell v. Wood, 89 Ky., 56; Shinn on Attachments, sec. 600.

4. Civil Code, secs. 203, 205, 223, 224, 225, 227; A. & E. Ency. of Law, (2d ed.), 888; Shinn on Attachments, vol. 2, sec. 615.

5. Civil Code, secs. 39, 40, 196, 199, 203, 205, 223, 224, 225-6-7, Constitution, sec. 123; 14 A. & E. Ency of Law, (2d ed.), 753, 755, 29 A. & E., (1st ed.), 996; 9 Ency. Pl. & Pr., 823; Shinn on Attachments, vol. 1, secs. 196, 194, vol. 2, secs. 466, 467; Middleton Paper Co. v. Rock River Paper Co., 19 Fed., 252; Stevenson v. Campbell, 30 Ga., 159; Banking Co. v. Robinson, Norton Co., 71 Miss., 141.

OPINION OF THE COURT BY JUDGE SETTLE—AFFIRMING.

Appellant brought suit and obtained an attachment in the Jefferson circuit court, chancery division, against Jas. H. and Caleb E. Roberts, on a note of $250 it held against them.  The attachment was placed in the hands of appellee, John R. Pflanz, then sheriff of Jefferson county, for service. On the attachment was this indorsement:  "W. B. Tate & Co., Golden Rule Warehouse, Garnishee:  The object of this action is to attach all money, property, choses in action, or other evidence of debt in your hands belonging to Jas. H. Roberts and Caleb E. Roberts, or in which they have any interest, and to restrain you from paying the same to them, or to any one for them, until the further order of this court.  Phelps & Thum, Pl'ff's Attys."  The

attachment was served by the sheriff on the defendants and the garnishee named therein. It does not appear from the record that the attachment was levied by the sheriff on any property of the defendants Roberts. It was simply executed by delivering copies thereof to each of them and to the garnishee. After the execution of the attachment, the defendants, Jas. H. and Caleb E. Roberts, with Ray & Co. (Robert P. Hare and Samuel Ray) as sureties, executed a bond to obtain a stay of the attachment, which bond was taken by the sheriff in words and figures as follows: "Jefferson Circuit Court. Edwards-Barnard Co., Plff. v. J. H. Roberts, etc., Defts. Forthcoming Bond. We bind ourselves to the Edwards-Barnard Co. in the sum of $550.00, that the defendants, Jas. H. Roberts and Caleb E. Roberts, shall perform the judgment of the court in this action, or that the property attached in this action, or its value, shall be forthcoming and subject to the order of the court. January 29th, 1897. Jas. H. Roberts. Caleb E. Roberts. Ray & Co., that is, Robert P. Hare and Samuel Ray, by John T. Bashaw, Atty. in Fact." Personal judgment was rendered in appellant's favor against Jas. H. and Caleb E. Roberts in the attachment suit for the amount of the note sued on, and execution was issued thereon, directed to the sheriff of Henry county, where the defendants then resided, but was returned, "No property found." Thereafter appellant brought suit in the Jefferson circuit court, common pleas division, against Robert P. Hare on the bond taken by the sheriff; Samuel Ray having in the meantime died intestate and insolvent. In that action judgment by default was rendered against Hare in appellant's favor for $250, with interest and costs, upon which execution was issued, directed to the sheriff of Jefferson county, by whom it was returned with the indorsement, "No property found,"

etc. Then the appellant instituted this action in the Jefferson circuit court, chancery division, against appellee, seeking to recover of him the amount of its debt and costs against Jas. H. and Caleb E. Roberts, upon the alleged ground that he had negligently, as sheriff, failed to require good security upon the bond taken by him in the matter of the attachment, and that the sureties therein, Samuel Ray and Robert P. Hare, were insolvent when they were accepted on the bond, and that their insolvency was known, or by the exercise of ordinary care could have been known, to appellee at the time. After answer and other necessary pleadings had been filed, proof in the shape of depositions was taken by the parties upon the issues thus formed, and upon submission and trial of the case judgment was rendered by the lower court dismissing appellant's petition, and allowing appellee his costs. Of that judgment appellant complains. Hence this appeal.

We will not take time to consider all of the questions raised by the appeal, deeming it necessary to notice only such as in our opinion are decisive of the case. It will be observed that this action is purely an ordinary or common-law action, and it is a well-known rule in such cases that the judgment of the chancellor will be as favorably regarded as would be the verdict of a properly instructed jury. Hence, unless palpably against the evidence, it will not be disturbed. Louisville, etc., Railway Co. v. Taylor, 96 Ky., 241, 16 R., 579, 28 S. W., 666. The rule is, however, different in equitable actions; for in such action this court will, upon appeal, determine the weight of the evidence. Scott v. Mitchell (19 R., 218), 39 S. W., 507. The judgment of the chancellor in this case must therefore be tested by the rule first herein stated, and, unless it is found to be flagrantly against the evidence, it will not be disturbed.

The only issue of fact necessary to be determined by the chancellor was whether or not appellee, as sheriff, was guilty of negligence in taking the bond executed by the Robertses, with Ray and Hare as sureties. The sheriff is not the guarantor of the solvency of a surety whom he may take upon a bond. We have no statute in this State fixing the liability of the sheriff, or defining the degree of care required of him in the matter of taking bonds. The rule by which his official conduct in such cases is to be measured is thus stated in Mechem on Public Officers, section 762: "So, where it is the duty of the officer to take, for the protection of the plaintiff, bonds or other securities, it is the officer's duty, not only to obtain the bond, bail, or other security, but to use reasonable care and diligence to see that none but competent and reasonable securities are accepted, and that the securities themselves are in proper and sufficient form. He is not the insurer of the solvency of the sureties, unless the statute makes him so; nor is he liable, though deceived, where he exercises reasonable care. But if he discharges the goods or debtor without any bond at all, or one in which the sureties' names are forged, or if he accepts insufficient sureties, without making a reasonable effort to ascertain their solvency, he is liable. *A fortiori*, is he liable, where he accepts sureties who he knows are irresponsible." It must be presumed that the chancellor found from the evidence that appellee, in taking the bond in controversy, used reasonable care to ascertain the financial condition of the sureties, and to satisfy himself of their solvency. If he did, he can not be held responsible for a mere mistake of judgment.

Of the witnesses whose depositions were taken by appellant, only one had had any business connection with the sureties, and none of them claimed to have any actual

knowledge of their business or affairs. What they testified to was largely hearsay, and what they professed to know was based mainly upon suspicion and conjecture. Frese, of the Western Bank, whose deposition was taken by appellant, testified that the credit of the sureties was at the date of the bond fairly good with the bank. Hare, one of the sureties, and young Ray, who was in the employ of the firm, both say that at the time the bond was executed their assets exceeded their liabilities by a considerable amount; and, though they soon thereafter failed, it seemed in large measure to have been brought about by a destructive fire in their tobacco warehouse. Hare also testified that the firm of Ray & Hare, at the date of the execution of the bond, owned a house and lot in the village of Lewisport, Hancock county, which was unincumbered, and which was taken by them at the valuation of $800, but was subsequently assessed at $200. This lot was, after the execution of the bond, transferred to the bank by Ray & Hare, at a valuation of $360, and was afterwards sold by the bank at $75. But it is more than probable that the bank did not care to retain unremunerative real estate at any price, and hence sold it at a sacrifice. But, conceding that it was only worth that sum, or but little more, when the bond was executed, its value was practically equal to the amount for which appellee, if legally liable at all, could be made responsible in damage for neglect in taking the bond; for his liability could not exceed that of the sureties on the bond, and, if it be true, as testified by Hare, whose statements on that point are uncontradicted, that the proceeds of the sale of the tobacco in the hands of the garnishees afforded a surplus of only $50 to $75, after paying the factors' liens, it would seem to follow that the sureties in the bond would in no event have been liable for an amount greater than the

surplus.   In Hayman v. Hallam, 79 Ky., 389, 2 R., 419, it was held by this court that sureties in such bond as was taken by the sheriff in this case were liable only for the surplus of the property attached after the payment of existing liens antecedent in date to the attachment, and that the sureties could set up, by way of defense, to an action against them on the bond, the amount of such liens.

We do not suppose that the chancellor based his judgment alone upon the ground that, as the liability of the sureties on the bond does not appear to exceed the value of the Lewisport lot, their ownership of that property of itself qualified or made them good as sureties on the bond; but that fact, with the further facts shown by the evidence, that the sureties were then in the tobacco business in Louisville, and operating a warehouse, with some tangible property in their possession of which they were the apparent, if not the real, owners, and that considerable sums were being received by them through their business, doubtless superinduced the conviction in the mind of the chancellor that the sheriff had good reason to believe, and as a prudent man did believe, that Ray & Hare were good and sufficient sureties on the bond, and that he is not to be charged with negligence because he accepted them in that capacity.   At any rate, as the decision of the chancellor upon this issue is entitled to as much weight as would be the verdict of a jury, and as it can not be said by this court to be flagrantly against the evidence, upon this ground alone the judgment might with propriety be affirmed.

It nowhere appears from the record that the attachment obtained by appellant has been sustained.   It is certainly not averred, or admitted, in any of the pleadings, that it was sustained.   The bond in this case was given under

section 214, Civ. Code Prac. A bond may be given under section 221, the effect of which is to discharge the attachment; for it is to perform the judgment of the court, and can be given only by the defendant, and, when given, it substitutes the bond for the attached property and shuts off all defense to the attachment, or right to contest the grounds thereof. Where the bond is given under section 221, it is not necessary for the court to sustain or discharge the attachment; for the right of recovery on the bond follows a personal judgment against the party executing it. But the giving of the bond provided for in section 214 is wholly different in purpose and effect. The latter bond may be given by any person in possession of the property attached. It is to be taken by the sheriff, and is conditioned that the defendant shall perform the judgment in the action, or that the property or its value shall be forthcoming and subject to the order of the court. This bond does not discharge the attachment, but constitutes an obligation that the property shall be produced and delivered when the court so orders. The lien created by the attachment, and the right of the court to subject it to the payment of the attachment debt, continues as fully after the giving of a forthcoming bond as if no such bond had been given, and the attachment itself continues until the case is finally determined by the judgment of the court on the attachment, as well as on the merits of the case. Hobson v. Hall, 13 R., 109, 14 S. W., 958.

It would seem to follow, therefore, and such is our opinion, that there can be no liability on the bond in this case, which was given under section 214, Civ. Code Prac., in the absence of a judgment sustaining the attachment. It is not enough that a personal judgment was rendered for the debt sued on. Some disposition of the attachment by judg-

ment of the court was also necessary. The attachment was ancillary. The defendant may owe the debt, and be willing to allow personal judgment to go against him, and yet, if the grounds of attachment do not exist, the attachment may be successfully resisted, and the court adjudge its discharge, or the grounds of attachment may exist, yet the property attached may not be subject to attachment. The trial of the attachment is wholly distinct from the trial of the case on its merits, and sometimes precedes, sometimes follows, the main trial. Kassel v. Snead, 21 R., 777, 52 S. W., 1058; Francis v. Burnett, 84 Ky., 24, 7 R., 715; sections 263, 264, Civ. Code Prac. If no liability rests upon the sureties in this bond, in the absence of a judgment sustaining the attachment, it necessarily follows that none rests upon the sheriff for taking insufficient sureties on the bond.

The appellant has offered to file in this court what purports to be a copy of the order of the lower court sustaining the attachment; but we do not think it should be now filed, as it was not filed, or made a part of the record, upon the trial in the lower court, and it is not proper to add to the record in this court something by way of evidence which was not used in or furnished the former court. But in any event the copy of the order now offered to show that the attachment was sustained, even if allowed to be filed, can not cure or supply the entire omission from the petition of the necessary averment that the attachment was sustained.

Finding no error in the record prejudicial to appellant's rights, the judgment of the lower court is affirmed.