## Maynard v. Damron.

(Decided March 10, 1931.)

794

STRATTON & STEPHENSON for appellant.

J. J. MOORE and W. W. BARRETT for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

The question involved upon this appeal is the propriety of the action of the circuit court in sustaining an order of attachment. Frank P. Damron sued A. J. Maynard to recover $10,000 for legal services thertofore rendered him, and $35 for expenses incurred on behalf of the defendant. An order of attachment was obtained on the ground that the defendant had no property in the state subject to execution, or not enough thereof to satisfy plaintiff's demand, and that the collection of the claim would be endangered by the delay in obtaining a judgment or return of no property found. Civil Code of Practice, section 194, subsec. 2.

The answer traversed both the grounds of liability and the grounds of attachment. The case was tried before a jury, resulting in a verdict for the plaintiff for $3,035. A judgment was rendered pursuant to the verdict, but a ruling on the attachment branch of the case was reserved. A motion for a new trial was overruled, and Maynard paid Damron the full amount of the judgment. The funds attached in the action were then ordered paid to Maynard. A subsequent hearing on a motion to discharge the attachment was had before the circuit court, and the testimony has been preserved in a transcript and bill of exceptions. The court sustained the order of attachment, and the appeal is prosecuted solely from the order manifesting that ruling. It is argued that the proof fails to show that the collection of the demand was endangered, even though defendant's property subject to execution was insufficient to pay the claim asserted by the plaintiff.

The payment of the judgment discharged the attachment and precluded any inquiry as to the sufficiency of the grounds therefor. Attachment is an ancillary remedy to secure the alleged debt, and, when the debt itself is paid, the attachment is annulled. 6 C. J. sec. 542, p. 285; Lawson on Rights, Remedies, and Practice, vol. 7, sec. 3580, p. 5560. The exact question does not appear to have been decided in this state, but the result is similar to the consequences flowing from the execution of a bond, under section 221 of the Civil Code of Practice, to discharge an attachment. At any time before judgment, a defendant by virtue of that provision may cause a bond to be executed to the plaintiff to the effect that the defendant shall perform the judgment of the court, whereupon the attachment shall stand discharged, and any property taken under it must be returned to the defendant. It has been held that, when such a bond is executed, all power of the court and its officers over the property attached ceases, and the plaintiff must look to the bond for his security. When that bond is given, it stands in lieu of the attachment, and the action proceeds as if no attachment had ever been issued. Hazelrigg v. Donaldson. 2 Metc. 445; Bell v. Western River Improvement & Wrecking Co., 3 Metc. 558; Turner Elkhorn Coal Co. v. Smith, 218 Ky. 503, 291 S. W. 715. On the other hand, bonds for the mere forthcoming of atttached property, executed under section 214 of the Civil Code of Practice do not discharge the attachment, and the question as to its rightful issuance is not concluded thereby. Schwein v. Sims, 2 Metc. 209; Edwards-Barnard Co. v. Pflanz, 115 Ky. 393, 73 S. W. 1018, 24 Ky. Law Rep. 2296; Hobson v. Hall, 14 S. W. 958, 13 Ky. Law Rep. 109; Lee v. Newton, 87 S. W. 789, 27 Ky. Law Rep. 1004; Hudson Engineering Co. v. Shaw, 167 Ky. 27, 179 S. W. 1083.

If an attachment be discharged by operation of law when a bond authorized by section 221 of the Civil Code of Practice is given, and the security of the bond is substituted for that of the attachment lien, a like result necessarily follows from the payment of the very debt the attachment was designed to secure. The payment of the judgment not only discharges the attachment, but extinguishes the debt as well. After the execution of a bond under section 221 of the Code to discharge an

attachment, the court will make no further inquiry as to whether the grounds of attachment were adequately alleged or properly proven. Fidelity & Deposit Co. v. Cobb, 213 Ky. 467, 281 S. W. 478. No real distinction can be drawn between the effect of the execution of that bond and the consequences of a payment of the debt. By analogy the principle is applied when a judgment is replevied. A bond executed to discharge an attachment is satisfied by a replevy bond, which constitutes a substitution of new security to replace the old. Gray v. Merrill, 11 Bush, 633. It is a general rule that an attachment defendant may by his conduct waive or become estopped to assert the nonexistence of the grounds for an attachment. Cf. Hoobler v. Howland, 43 S. W. 486, 19 Ky. Law Rep. 1473. Where the claim in litigation is settled between the parties, no further inquiry will be made to determine whether an attachment was properly sued out. American Hardwood Lumber Company v. Nickey, 101 Mo. App. 20, 73 S. W. 331; Neely v. Munnich, 27 Misc. Rep. 507, 58 N. Y. S. 316.

The purpose of the action has been accomplished when the judgment is paid, and further investigation respecting ancillary remedies becomes moot. Since no appeal was prosecuted by either party, the effect of that procedure upon further inquiry respecting the grounds of attachment need not now be considered. Cf. section 757, Civil Code of Practice. The admission on the record that the judgment had been satisfied by payment relieved the court from the necessity of further action, except the entry of appropriate orders to dispose finally of the case. The judgment of the court reached the right result, even if the contention to the effect that the evidence did not warrant the conclusion of the chancellor should be sustained. But the evidence was in conflict, and the conclusions announced by this opinion should not be considered as an intimation that the finding of the court was not amply supported by the proof.

The judgment is affirmed.