## E. I. Du Pont de Nemours & Co., Inc., v. Combs, Ex-Sheriff, et al.

(Decided Jan. 17, 1933.)

FRENCH HAWK and W. H. LEWIS for appellant.
STEPHEN COMBS, Jr., and D. I. DAY for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On the fourth day of the August, 1923, term of the Letcher circuit court Du Pont de Nemours & Co. recovered a judgment against the Adamson Coal Company for $1,100 and interest. On September 10, 1923, execution was issued and placed in the hands of James Combs, sheriff of Letcher county. On November 20, 1923, C. E. Horton, deputy sheriff, accepted a replevin bond with H. L. Burpo and F. S. Paul as sureties thereon. Some time after the maturity of the bond, plaintiff in the above action caused an execution to be issued thereon against the Adamson Coal Company, and Burpo and Paul as sureties on the bond. On March 3, 1924, the sheriff levied upon certain property of the execution defendants, and sold same at public auction for $25. Thereafter plaintiff instituted an action in equity against the sureties, Burpo and Paul to recover the amount of his debt, interest, and costs, and judgment was rendered in its favor. On June 7, 1924, another execution was issued against Burpo and Paul, and returned, "No property found," on June 19, 1924.

Relying upon the foregoing facts, the Du Pont de Nemours & Co., Inc., brought this suit against James Combs, then sheriff, and C. E. Horton as deputy, to recover their debt, interest, and costs. Combs defended

on the ground that the sureties, Burpo and Paul, were solvent at the time the replevin bond was taken, and the further ground that he, through his deputy, used reasonable diligence to ascertain the solvency of the sureties before taking the bond. From a judgment in favor of Combs, this appeal is prosecuted.

It is true that this court, in Edwards-Barnard Co. v. Pflanz, 115 Ky. 393, 73 S. W. 1018, 1019, 24 Ky. Law Rep. 2296, after saying, "We have no statute in this state fixing the liability of the sheriff, or defining the degree of care required of him in the matter of taking bonds," quoted and approved the rule announced in section 762, Mechem on Public Officers, to the effect that, in the absence of a statute, an officer charged with the duty of taking bonds was not an insurer of the solvency of the sureties, but was liable if he accepted insufficient sureties without making a reasonable effort to ascertain their solvency. As the court there was dealing with an attachment bond, which is regulated by the Code, it may be that the decision was correct; but the court was in error in announcing broadly that there was no statute in this state fixing the liability of the sheriff in the matter of taking bonds. As a matter of fact, we have had in force in this state for a great many years the following statutes:

"§ 1676. Every bond taken on the sale of property under an order of judgment in chancery, or on the sale of property under execution, and every replevin and forthcoming bond, shall be signed by the principal and sureties, and attested by the person taking the same, or by some one in his presence.

"1. A bond so taken shall be returned to the proper office, with a report of the acts of the person taking it; and if taken under an execution, the latter must be returned with the bond.

"2. All such bonds shall have the force and effect of a judgment, and on which, if not paid at maturity, an execution may issue, and shall be indorsed that no surety of any kind is to be taken."

"§ 1677. The officer taking any of the bonds aforesaid, and his sureties, or their representatives, shall be jointly and severally liable to the person injured for any damage he may sustain by

taking surety thereon who is not solvent when received.''

It will be observed that section 1677, supra, makes the officer ''taking any of the bonds aforesaid'' liable to the person injured for any damage he may sustain by taking surety thereon who is not solvent when received. A replevin bond is one of the bonds specifically mentioned in section 1676, and therefore one of ''the bonds aforesaid'' referred to in section 1677. Indeed, we held in the early case of Commonwealth v. Thompson, 3 Dana, 301, that a sheriff taking a replevin bond acts at his peril, and is liable if he accepts sureties who are not solvent when the bond is executed, but is not liable if the sureties were good at the time but subsequently became insolvent. In view of this opinion, and the statutes, it cannot be doubted that Combs is liable if Burpo and Paul were insolvent at the time the replevin bond was executed.

On the question of his and Paul's solvency at the time the replevin bond was executed, and omitting all reference to the Adamson Coal Company, Burpo testified as follows: He and Paul were partners doing business in the name of the Jenkins Nash Company, and owned a building located on land belonging to a railroad company, but held by them under an indefinite lease. The building cost them $9,400 without the equipment. In his opinion the building and equipment were worth $15,000 or $16,000, in November, 1923. At that time there was a materialman's lien on the property for $1,500. There was a $3,000 mortgage on the property, but he thought that was made afterwards, but was not certain. Some time later on the Jenkins Nash Company was turned over to an assignee, but he was unable to state the date. The company was reorganized in October, 1924. He did not know the amount of the indebtedness of the company when it was placed in the hands of the assignee, but thought it was around $10,000 or $11,000. Recently (he was testifying in 1926), he had filed a petition in bankruptcy, and had been discharged. It was not shown when the Jenkins Nash Company was placed in the hands of an assignee, or how much its assets brought. Nor was there any evidence contradicting Burpo as to the value of the garage building and equipment at the time the replevin bond was executed. If his evidence be true, both he and Paul

were then solvent. All that we have on the other side is that the execution on the replevin bond was not paid, and some time thereafter the Jenkins Nash Company was placed in the hands of an assignee. While entitled to considerable weight, this evidence is not conclusive of the fact that the sureties were insolvent when the replevin bond was executed. Commonwealth v. Thompson, supra. At most, it presented an issue which the chancellor was called upon to decide, and not being able to say that he erred in his conclusion, his finding will not be disturbed.

Judgment affirmed.

Whole court sitting.