### BYRD et al. v. DENNIS.

### No. 2725.

Court of Civil Appeals of Texas. Eastland.

Sept. 9, 1949.

H. J. Brice, Snyder, Thomas Gormley, Dallas, Neal Neece, Dallas, for appellants.

C. F. Sentell, Snyder, for appellee.

LONG, Justice.

In January, 1942, appellee A. E. Dennis was the owner of an oil and gas lease covering 80 acres of land in Scurry County, Texas. On January 27, 1942, Dennis assigned said lease to R. J. Byrd who thereafter assigned it to Byrd-Frost, Inc. This suit was instituted by Dennis against R. J. Byrd and Byrd-Frost, Inc. for the recovery of an undivided 1/16th interest in said lease and the oil runs therefrom. Upon a trial before the court without a jury, judgment was in favor of Dennis to the title to a 1/16th of the 7/8ths working interest

in said oil and gas lease, together with the sum of $826.50 for oil runs from said lease. From this judgment Byrd and Byrd-Frost, Inc. have appealed.

By their first point appellants contend the court erred in holding that there was a trust in the premises because the pleadings and proof show that appellee assigned the lease to appellants for the purpose of enabling appellants to place a lien upon the lease.

M. Z. Dibble carried on the negotiations between Byrd and Dennis relative to the purchase of the lease. Dennis lived in Snyder and Byrd lived in Dallas, Texas. Dennis executed the assignment of the lease to Byrd and the same was carried by Dibble to Dallas and there delivered to Byrd. At the time of the delivery of the assignment, Byrd wrote the following letter and delivered it to Dibble to be transmitted by him to Dennis:

"Mr. A. E. Dennis
"Snyder, Texas
"Dear Sir:

"In accordance with your agreement with M. Z. Dibble, I will assign to you a ⅟₁₆ of the ⅞ oil and gas leasehold interest covering the south eighty acres of SE¼ of Section 141, Block 97 H. and T. C. Railway Company Survey, Scurry County, Texas, the S½ of the I. B. Wade tract.

"I will drill a well to a depth of 2,450 feet for which I have contracted with Mr. H. H. Simons of Colorado City, Texas, drilling to commence upon completion and acceptance of title.

"I am reserving the first $750 due on this ⅟₁₆ interest I am to assign you to cover its proportionate share of expense in drilling and equipping the first well into the tank and providing said tanks, this being estimated a total cost of $12,000.00.

"Yours very truly,
(Signed) R. J. Byrd."

The witness Dibble testified that both Byrd and Dennis desired that a well be drilled upon the lease and that it was necessary that Byrd have the title to the ⅞ths working interest in the oil lease in order to make a loan thereon to obtain money for the purpose of drilling a well. He

further testified in substance that Dennis assigned the ⅟₁₆th interest that he retained in the lease to Byrd for such purpose. Appellants rely upon the case of Wheeler et al. v. Haralson et al., 128 Tex. 429, 99 S.W. 2d 885, in an opinion written by Judge German of the Commission of Appeals and adopted by the Supreme Court. In that case plaintiffs relied upon an oral agreement to establish a trust and their interest in the land. It was there held that the oral promise came within the statute of frauds and could not be enforced. In the instant case, Dennis relies upon the letter set out above by which Byrd agreed in writing to assign the ⅟₁₆th interest in the lease to Dennis after the first well had produced enough revenue to pay the expense of drilling and equipping said well, the estimated cost of such expense being $12,000.00. We believe the case relied upon by appellants is distinguishable on the facts from the case at bar and the principles therein announced are not applicable here.

It is true that Dennis saw fit to introduce parol evidence to explain the letter and to show when Byrd was to reconvey to Dennis a ⅟₁₆th of the ⅞ths working interest in the oil lease. It is our opinion that this was not necessary because when the letter is construed from its four corners, we believe the correct interpretation thereof is to the effect that Byrd agreed to convey said ⅟₁₆th interest to Dennis when the expense of drilling and equipping the first well was paid. As we see the record in this case, Dennis was entitled to recover title to the ⅟₁₆th interest in the lease based upon the written contract between the parties as set out in the letter of January 27, 1942. Parks v. Powell et al., Tex.Civ.App., 56 S.W.2d 323, Powell, et al. v. Parks, Tex. Com.App., 86 S.W.2d 725. We find no merit in appellants' first point and the same is accordingly overruled.

By their second point, appellants make the contention that the court erred in overruling their objection to the testimony of the witness Dibble as to the time when the assignment was to be made because such testimony varied the terms of a written instrument and thus violated the parol evidence rule. This point is over-

ruled. Cities Service Oil Co. v. Brown, 119 Tex. 242, 27 S.W.2d 115. The witness Dibble testified to the effect that the assignment was to be made when the well had produced enough revenue to pay the expense of drilling and equipping the same. The parol evidence admitted over objection did not vary and was not in conflict with any provisions of the written instrument. The evidence became material and was admissible in order to disclose the full terms of the completed contract between the parties. The letter from Byrd to Dennis referred to the agreement Dennis had with M. Z. Dibble. In order to know the terms of this agreement between Dennis and Dibble it was necessary to resort to parol evidence. This parol evidence tended to explain the written instrument on a point that was obscure but it did not contradict or alter it in any way. Texas Law of Evidence, McCormick and Ray, Sec. 735; 17 Tex.Jur., page 817, Sec. 366.

If we should be mistaken in holding the parol evidence admissible, then we believe the same was harmless for the reason heretofore stated that the letter of January 27, 1942, when construed, means the very thing testified to by the witness Dibble. In other words, we hold the letter to mean that Byrd would reconvey to Dennis a 1/16th interest in the lease when the first well had produced enough revenue to pay for drilling and equipping said well.

We find no merit in appellants' third point wherein it is contended the court erred in finding that the 1/16th interest was to be reconveyed to appellee when the proceeds of production had reached $12,000.00, because such finding was not supported by competent evidence and contrary to all pertinent competent evidence. What we have heretofore stated is a sufficient answer to this point. The letter was sufficient evidence within itself to support appellee's cause of action.

All other points have been considered and each is hereby overruled.

The judgment of the trial court is affirmed.