Hayman & Co., &c., v. Hallam.

---

CASE 79—ORDINARY—APRIL 30, 1881.

# Hayman & Co., &c., v. Hallam.

APPEAL FROM CAMPBELL CIRCUIT COURT.

1. Where a bond has been executed for the forthcoming of property taken under attachment, and the property is not more than sufficient to satisfy the prior liens upon it, subject to which the attachment was levied, the obligors in the bond are liable for nominal damages only for their failure to produce the property.

2. Although the obligation may be "to satisfy the judgment *and* deliver the property," it should be construed as if the disjunctive conjunction were used, as found in section 214 of the Code.

3. To enable a defendant to have a judgment by default set aside on the ground of surprise, he must present a sufficient defense to the action.

JESSE ARTHUR AND A. DUVALL FOR APPELLANTS.

As the property attached was not more than sufficient to satisfy the prior liens upon it, appellee was not damaged by the failure of ap-

pellants to produce the property. (Civil Code, secs. 214, 216, 221, and 222; Bell v. Western River Improvement and Wrecking Co., 3 Met., 558.)

WM. LINDSAY FOR APPELLEE.

1. As the answer of appellants was fatally defective, the court properly refused to set aside the judgment to permit it to be filed.

2. The fact that the attached property was barely sufficient to satisfy the execution liens upon it does not release the appellants, as they undertook that the judgment of the court should be performed, and that the attached property or its value should be forthcoming. (Civil Code, secs. 214, 216, 221, and 222.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellee, Hallam, instituted his action against Hayman & Co. on a note for $500, with several credits indorsed, and obtained an attachment that was levied on the property of the latter.

At the time the attachment was levied, executions were in the hands of the officer that had been previously levied, and prior liens thereby acquired. The appellants, Hayman & Co., executed a bond, with their co-appellant Arthur as surety, conditioned that the defendant shall perform the judgment of the court in the action, or have the property or its value forthcoming subject to the order of the court.

A judgment was rendered on the note, and the attachment sustained. After the judgment, and during the same term at which the court rendered the judgment, the appellants appeared and moved to set aside the judgment on the ground that their attorney employed to defend was too unwell to attend the court on the day the trial was had, a fact unknown to defendants, and tendered an answer, alleging, in substance, that the appellants, Hayman & Co., were in embarrassed circumstances, and their creditors, the appellee among the number, had agreed to release them upon the payment of a certain part of their indebtedness. This

Hayman & Co., &c., v. Hallam.

agreement is filed, and shows that the release by the creditors was conditioned on the fact that the appellants would obtain the signatures of the creditors representing eighty per cent. of their indebtedness to the agreement. This condition precedent was not complied with by the appellants, or at least no averment of its performance is alleged in the petition. The court, therefore, acted properly in refusing to disturb the judgment or the order sustaining the attachment on the affidavits filed, as no defense was interposed.

A rule was awarded against the appellants and the surety on the forthcoming bond to show cause why they should not pay the money into court, or have the property forthcoming to satisfy the judgment. They responded to the rule, alleging the existence of the prior liens on the attached property; that it had been sold to satisfy those liens, and brought its full value, and insisted that their liability by reason of the bond was merely nominal.

The response was held insufficient, and the rule made absolute, and an attachment awarded. This is also an error complained of, and we think requires a reversal. The levy of the attachment shows the existence of the liens by the execution, and if the property was not sufficient in value to satisfy such liens as had preference over the attachment, there was no reason for making the parties liable on the bond to a greater extent than the cost incurred.

If the property had been delivered into the custody of the court, and directed to be sold, the sale would necessarily have been made subject to the liens existing upon it, and if the property was not sufficient in value to more than satisfy those liens, the attaching creditor has not been injured. The obligation to deliver the property certainly exists, but if by

reason of the failure to do so the plaintiff has not been injured, the damages should be nominal only.    If there had been a mortgage on the property when delivered, the court would have directed the mortgage to have been first paid, and if it required the entire value of the property to pay that lien, the creditor would get nothing.

In this case the return on the attachment shows that it was levied subject to the prior liens, and they must be first satisfied.    The obligation to satisfy the judgment *and* deliver the property should be construed as if the disjunctive conjunction had been used as found in the 214th section of the Code.    Such was not only the intention but the proper construction of the stipulations of the bond, and it would be extremely technical to hold otherwise.

The original judgment must stand, but the proceedings under the rule by which it was made absolute is reversed, and cause remanded, with directions to permit the response to be filed.