### Goodloe, et al. v. Stowers, et al.

(Decided March 24, 1922.)

#### Appeal from Pike Circuit Court.

Partition—Sale of Joint Mineral Estate.—In an action to sell a joint mineral estate in land for partition under section 490 of the Code upon the ground of indivisibility, evidence examined and held that the joint estate can not be divided and the same is ordered sold for division of the proceeds.

AUXIER, HARMON & FRANCIS and GOODYKOONTZ, SCHERR & SLAVEN for appellants.

F. W. STOWERS for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Appellants own an undivided three-fifths and appellee, Stowers, owns the remaining two-fifths of the minerals in 72 acres of land, the surface of which is owned by others.

By this action appellants sought a sale and partitition of the joint estate under section 490 of the code upon the ground of indivisibility, which appellee by answer denied.

Upon the sole issue involved, one of fact, appellants introduced three witnesses who testified that the minerals could not be divided in place and stated the facts upon which they based their opinions. Appellee did not introduce any evidence at all, but the court adjudged the land divisible and ordered its division by named commissioners.

Two of the witnesses are mining engineers while the other is one of the plaintiffs. All of them have had many years' experience and are thoroughly conversant with the coal strata in this land and they prove their competency to testify as experts upon the probable location and extent of the coal in the land as well as the conditions under which it can be removed. Since they agreed and stated in their opinions that same could not be divided between the joint owners without impairing its value and the interests of the plaintiffs therein because of the impossibility of knowing certainly the portion of the coal each would receive under any surface divison, it is apparent the judgment is flagrantly against and wholly unsupported by the evidence unless the facts they state disprove their conclusions, and this is not true.

Coal is the only known mineral in the land upon which there has never been a mining operation. The Pond Creek seam underlies the whole tract at a distance estimated at from 30 to 50 feet below the lowest point on the surface, but experience proves it varies in width from about 3½ to 6 feet and frequently within a distance of 20 lineal feet practically "pinches out" and disappears for a distance. The tract of land is mountainous and cut through by Lick branch. The Thacker and Winifred coal seams overlie the Pond Creek seam in this tract but are present only on the higher portions and in different proportions on each side of the creek which cuts through them in such a way that any possible division of the surface between the parties would have to be in at least three and possibly more tracts. But we do not see how any approximately fair surface division of the three seams of coal could possibly be made, even if we might assume, contrary to the only evidence on the question, that each seam is of uniform thickness and value through-

out the portions of the tract where it will be found, unless the entire tract is divided into ten or more small tracts, since there is one portion along the creek of about 22 acres under which there is only the Pond Creek seam; two higher portions, one on either side of the creek containing 35 and 14 acres respectively, in which the Pond Creek and Thacker seams are present and two more portions containing 15 and five acres respectively on still higher ground and on opposite sides of the creek where all three seams are found.

Added to this difficulty are the different conditions for mining, which necessarily affect the value of coal in place, that must be encountered in any partition of the coal in the tract.

How in these circumstances commissioners could even approach, much less accomplish, a division of the joint mineral estate of the parties so as not to materially impair the value of the whole tract and each interest therein we are unable to imagine.

We are therefore of the opinion that the evidence shows conclusively that such a division is practically impossible.

Wherefore the judgment is reversed and the cause remanded with directions to sell the joint estate and divide the proceeds according to the interests of the parties therein.