## Stivers et al. v. Steele.

(Decided October 1, 1929.)

BAILY D. BERRY for appellants.

A. S. MOORE for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

Luther Stivers and Arthur Steele are adverse claimants to a fund of $456.29 derived from a crop of tobacco raised in 1924 by W. H. Toohey. Toohey was a member of the Burley Tobacco Growers' Co-operative Association and had received some certificates for the tobacco he delivered to it. Stivers claims title to the fund by purchase of the certificates for full value, long before the lien of Steele was asserted. Steele rests his right to the fund upon an order of attachment served upon the Burley Tobacco Growers' Co-operative Association and the Bank of Commerce for the purpose of subjecting the interest of Toohey in the fund to the payment of his undisputed debt. The case was referred to the master commissioner, who heard proof and reported in favor of the attachment lien of Steele. The report was confirmed and judgment rendered accordingly. Stivers and the Bank of Commerce have entered a motion for an appeal.

The right of the attaching creditor depends upon whether Toohey had any interest in the property subject to the attachment. If the Burley Tobacco Growers' Co-operative Association was indebted to Toohey at the time the attachment was served, Steele obtained a lien thereon. But an attaching creditor acquires no greater right than the attachment defendant had at the time of the service of the order. Poage Milling Co. v. Economy Fuel Co. (Ky.) 128 S. W. 311; Swigert v. Bank of Kentucky, 17 B. Mon. 290; Grooms v. National Bank, 218 Ky. 846, 292 S. W. 513; Kentucky Refining Co. v. Bank of Morilton (Ky.) 89 S. W. 492; Star Drilling Co. v. McLeod, 122 Ky. 564, 92 S. W. 558. Consequently, the solution of the problem presented by this record will be reached by ascertaining whether Toohey had parted with all right, title, and interest in the proceeds of the tobacco at the time the order of attachment was levied. The order of attachment was issued and served on September 13, 1927. The tobacco was grown in 1924. It was delivered to the association in three installments, one in December, 1924, and two in January, 1925, and certificates Nos. 80, 814, and 1447 were issued to William H. Toohey.

Toohey assigned certificate No. 80 to the Bank of Commerce on February 14, 1925. On January 31, 1925, he assigned certificates Nos. 814 and 1447 to the Bank of Commerce. Some advancements were made to Toohey by the association, and the balance ultimately due on the three certificates was $456.29, which the association paid to the Bank of Commerce. The assignments were valid, and in proper form directed the Burley Tobacco Growers' Cooperative Association to pay all that was due or to become due thereon to the Bank of Commerce, and such payment would completely satisfy the obligations. It appears that the assignment of certificate No. 80 may have been originally a pledge to secure a debt of $100 due the Bank of Commerce. But on January 31, 1925, when the assignments were dated, the cashier of the bank gave his personal check to Toohey for $460.50, which was the full amount due on the three certificates, and the bank's debt was then paid. The transfers were made to the Bank of Commerce, and on February 2, 1925, Luther Stivers gave his personal check to the cashier of the bank for the same amount thus reimbursing him in full for what he had paid, and the Bank of Commerce delivered to Stivers the three certificates, but made no formal assignment of them. It was noted upon them, however, that they were the property of Stivers. The bank collected the proceeds of the three certificates standing in its name on the records of the association, and immediately paid it to Stivers. The commissioner and circuit court were of the opinion that the bank had no beneficial interest in the certificates after the payment of its debt and that it could not, therefore, transfer the certificates to Stivers. This reasoning overlooks the fact that Toohey had been paid in full and had transferred the certificates to the bank, not as pledgee, but as purchaser, and had no further interest in them or the proceeds derived from them. The fact that the purchase may have been for the cashier of the bank or for Stivers was wholly immaterial, in the absence of fraud or concealment to cheat or hinder creditors. The legal title of Toohey was transferred to the bank, and thereafter he had no interest whatever in the certificates or their proceeds. Toohey could not have recovered the property from Stivers or the bank. Consequently the creditor of Toohey, who stands in no better position, could acquire no lien. The subsequent transfers become immaterial, since Toohey had no further interest. The assignment was clearly sufficient to author-

ize the creditor to pay the money to the assignee as was done. Lexington Brew Co. v. Hamon, 155 Ky. 711, 160 S. W. 264; Kentucky Refining Co. v. Bank of Morilton (Ky.) 89 S. W. 492; Col. F. & T. Co. v. First National Bank, 116 Ky. 364, 76 S. W. 156; Poage Milling Co. v. Economy Fuel Co. (Ky.) 128 S. W. 311; Beard v. Sharp (Ky.) 65 S. W. 810. It is apparent that Toohey had no interest in the property after he was paid and the assignments were made, and consequently the attaching creditor obtained no lien on the fund by his proceedings thereafter instituted.

In his original pleading Stivers made no claim to certificate No. 80, or its proceeds, thinking the entire fund in controversy arose from certificates Nos. 814 and 1447. The mistake was discovered during the taking of proof, and Stivers tendered an amended answer, setting up his claim to the proceeds of certificate No. 80, which the court refused permission to file. The facts proven make the error evident, and the amended answer should have been filed. In any event, Toohey had no interest in any of the property after he had assigned the certificates, and consequently the attaching creditor acquired no interest therein. It is not necessary to determine the respective rights of the cashier of the bank, the Bank of Commerce, and Stivers. There is no controversy among them. It sufficiently appears that the cashier of the bank was purchasing the certificates for Stivers, but took the assignments in the name of the bank. The title of Toohey passed to the bank, although the consideration was paid by another. Stivers had a right to require formal assignment from the bank, but that was unnecessary, since the bank held the title it acquired by the assignment from Toohey for the benefit of Stivers, whose rights were recognized by it. Any defects in the title of Stivers could not avail Steele, inasmuch as the interest of Toohey had been extinguished before the levy of the attachment.

The motion for an appeal is sustained, and the judgment is reversed for proceedings consistent with this opinion.