## Fry et al. v. Albert et al.

(Decided January 20, 1931.)

C. B. SPICER for appellants.

E. L. MORGAN for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

The original petition in this case was a simple suit by the appellees against M. F. Sizemore on a return of "no property found," on an execution which had issued on a judgment for $1,500 which they had recovered against him. An attachment issued and was levied on a sawmill outfit as being his property. C. B. Fry executed a forthcoming bond as is provided by section 214 of the Code. The plaintiffs then by amended petitions alleged, in substance, that they had made a contract with Sizemore selling to him a certain boundary of timber for $30,000, and he was to deposit in a bank one-fourth of the gross proceeds of the sale of the manufactured lumber for the payment of the purchase price, to secure which payment a lien existed on all equipment brought upon the premises, including the sawmill outfit. They charged that Sizemore and the appellants C. B. Fry and J. M. Fry had thereafter formed a partnership under the style of "Lee Lumber Company" and had taken over this contract. It was further charged that the sawmill which had been attached was the property of this partnership, and that the partners were jointly and severally indebted to the plaintiffs in the sum of $1,500 under the contract originally made with Sizemore. In

these amended petitions, personal judgment was prayed against the two defendants, C. B. and J. M. Fry, for $1,-500, with interest; and it was further asked that a lien be adjudged upon the sawmill to secure the payment of the judgment. The amended petitions constitute a clear departure from the petition and set up a new cause of action. Compare Union Bank & Trust Company v. Ponder, 220 Ky. 365, 295 S. W. 140. But no objection was made and the two defendants, C. B. and J. M. Fry, joined issue on all the allegations, and pleaded also a previous judgment in bar of the right to maintain this suit. A reply in the case completed the issues.

It is argued in behalf of the appellants that the suit was against Sizemore on the judgment, and that they were made parties only for the purpose of disclosing Sizemore's property and of setting up whatever title C. B. Fry might have to the attached property, and therefore it was error to render a personal judgment against them; that C. B. Fry was never a partner with J. M. Fry and Sizemore, but only a creditor of the partnership; that, even though the court might find that he was a partner, nevertheless, the evidence showed that the sawmill was his individual property and never passed to the partnership.

The first point might be sustained except for the fact that the original cause of action seems to have been entirely abandoned and all of the proceedings thereunder effectually passed out of the case. New issues were raised, and a complete case of another character was set up in the amended petitions, to which no objection was entered. The suit, therefore, became one against all three of the parties as partners to recover upon a partnership debt. There remained simply the issue as to whether the appellants were members of a partnership with Sizemore and their liability under the contract.

There is no question as to the contract or its assumption by the Lee Lumber Company. It is admitted that J. M. Fry was a partner with Sizemore in the Lee Lumber Company; and the weight of the evidence establishes that C. B. Fry was also a member of the firm, although he had undertaken to conceal his membership therein, apparently on the ground that he recognized that his brother and Sizemore were of little or no financial worth. The court did not err in so finding, or in rendering a personal judgment against the Frys.

The judgment pleaded in bar was rendered in the original suit out of which this nulla bona proceeding (originally) arose. In it the plaintiffs had sued the three parties to this suit charging them with liability under the contract. The Frys answered the suit. A default judgment was rendered against Sizemore alone and the case striken from the docket.

There is no merit in the plea in bar. No judgment was rendered either in favor of or against the Fry brothers. There was no submission of the case as to either of them. The effect was to dismiss it without prejudice, and it is no bar to this subsequent action. Potter v. Redmond's Guardian, 123 Ky. 400, 96 S. W. 529, 29 Ky. Law Rep. 840.

The judgment is affirmed.