# Amick v. Goodykoontz.

(Decided December 1, 1931.)

STRATTON & STEPHENSON and JOHN P. CUSICK for appellant.

HARMAN, FRANCIS & HOBSON, and WELLS GOODYKOONTZ for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

Going quickly to the only question presented by this appeal without stating in detail the development of the case, it may be said that the appellant, Stoney Amick sued S. H. Goodloe and H. A. Goodloe for $3,000 on some promissory notes, and on August 6, 1924, undertook to attach funds in the hands of F. W. Stowers, as garnishee. The appellee, Wells Goodykoontz, claimed ownership of this money, or at least a prior right to it under these circumstances: Some years before, the two Goodloes, Goodykoontz, and his law partner, Harry Scherr, bought certain mineral property, title to which was taken in the names of S. H. Goodloe and Scherr only. It was about two months after the attachment issued that the parties executed a deed inter se and two months later placed it of record. But the bona fides of the transaction is made sure. In a suit for the sale of these mineral rights and

division of the proceeds (which, as indicated, was long before the instant proceedings), Stowers bought the property and executed bonds to the master commissioner. See Goodloe v. Stowers, 194 Ky. 271, 237 S. W. 9. At the time he was served as garnishee, Stowers had paid all of these bonds but $2,673. The payments which had been made appear to have been paid over to the Goodloes as their part of the proceeds. They had acquired Scherr's interest in the property, which, however, was not shown of record. Nor was the equitable title of Goodykoontz then disclosed by either public record or actual knowledge on the part of the appellant.

The appellant seeks to have his attachment lien given priority under the terms of section 496 of the Statutes relating to the invalidity of unrecorded instruments as against innocent parties, of the character held inferior to an execution lien in Mann Brothers v. Ball, 230 Ky. 129, 18 S. W. (2d) 946. It cannot be doubted that, had real estate been levied upon, he would be correct, and Goodykoontz as a secret owner would suffer the consequences. Here it was not the land but money reasonably thought to be owing the defendants that was sought to be subjected by plaintiff to the satisfaction of his debt. The realty in which Goodykoontz had had a secret joint title had been converted into an obligation of the purchaser to which the salutary provisions of section 496 do not apply. There was no part of this obligation owing the defendants in the attachment suit. An attaching creditor acquires no greater right than his debtor had at the time of the service of the order. Stivers v. Steele, 230 Ky. 700, 20 S. W. (2d) 717. The appellee's interest in the proceeds of the land had been disclosed in evidence during the litigation concerning its sale, although not in the pleadings, nor in any way constituting notice to appellant yet, since as a matter of fact he had title to the property subject to the attachment, his rights must prevail. This case cannot be distinguished in principle from Stivers v. Steele, supra, involving adverse claims to participation certificates of a cooperative marketing association; nor from the much older case of Newby & Taylor v. Hill & Million, 2 Metc. 530, and intermediate decisions of like effect.

Wherefore the judgment is affirmed.