## Cairns v. Louisville & Nashville Railroad Co.

(Decided March 10, 1933.)

N. R. PATTERSON for appellant.

LOW & BRYANT and ASHBY M. WARREN for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

Cairns was unsuccessful in the trial court and has appealed. The F. W. Graham Company is a Kentucky corporation organized to do general contracting for the building of roads, pikes, trams, highways, railways, and the erection of all culverts, bridges, foundations, and buildings in connection therewith and to build and erect buildings, bridges, houses, and structures of all kinds.

Cairns alleged it owed him $600 for services; that the Louisville & Nashville Railroad Company owed the F. W. Graham Company several thousand dollars on

work done by it for the Louisville & Nashville Railroad. Company; and that this money was in the hands of the Louisville & Nashville Railroad Company, or the Covington Trust & Banking Company. He sought a judgment against the F. W. Graham Company, and to attach this money in the hands of the other two defendants. He also claimed a lien on this money under section 2487, Ky. Stats., and he alleged that within sixty days prior to the institution of his suit the property of the F. W. Graham Co. had, through the instrumentality of divers mortgages, attachments, and other liens, come into the hands of various persons, corporations, etc., for distribution among its creditors. We suppose he got his judgment against the F. W. Graham Company, and that his attachments were sustained, as he has not brought here the record of what was done in that regard. The lien acquired by him under these attachments would, of course, be subject to prior liens, and equities, which he seeks to avoid by claiming a lien under section 2487, Ky. Stats., with all the preferences and priorities given to such a lien by section 2488, Ky. Stats. The only appellee is the Louisville & Nashville Railroad Company, and the only question here is: Did the court err in refusing to give him a lien on these funds under section 2487, Ky. Stats. The answer is, ''No.''

In the absence of a contract or a statute giving him a lien, a servant has no lien for wages. See 39 C. J. p. 215, sec. 299.

To succeed Cairns must show something from which we can find the F. W. Graham Company is within the class of employers to whose servants a lien is given by section 2487, Ky. Stats. From the pleading it appears to be simply a private corporation engaged in a general contracting business. There is no claim made by Cairns that it is a mine, railroad, turnpike, canal, rolling mill, manufacturing establishment, or foundry, and such a claim could not well be made; but Cairns contends it is a public improvement company because forsooth the things it may contract to build are public improvements. We cannot agree with him. A ''public improvement company,'' as that term is used in the statute, refers to the corporations or individuals owning some such public improvement as those set out in the statute, as a canal company, or a turnpike company,

rolling mill company, mining company, etc., but would not include a contractor who as such and not as the owner would undertake to do those things.

See Superior Elkhorn Coal Co. v. Allen et al., 238 Ky. 280, 37 S. W. (2d) 52, where the employees of a contractor engaged in mining coal were held to have no lien upon the property of the owner of the mine. The court did not err in denying Cairns the lien he sought.

The judgment is affirmed.