## United States Fidelity & Guaranty Company v. Albert et al.

(Decided March 24, 1933.)

376

WILLIAM SAMPSON for appellant.

E. L. MORGAN for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellees and plaintiffs below, E. V. Albert and E. L. Morgan, trustees, recovered a judgment in the Harlan circuit court against M. F. Sizemore for the sum of $1,500. The appellees and defendants below, C. B. and J. M. Fry, were parties defendant in that petition, but no judgment was taken against them, and it was afterwards dismissed as to them without prejudice, after obtaining the judgment against Sizemore. An execution against the latter was issued and returned by the sheriff of the county "no property found." Whereupon plaintiffs in the judgment instituted an equity action in the same court against that debtor, Sizemore, under the provisions of section 439 of the Civil Code of Practice, to discover and appropriate assets in satisfaction of their judgment. In that action they procured an attachment to issue which was levied by the sheriff on a sawmill in the county and on its outfit. C. B. Fry claimed to own the attached

property, and he, as such claimant, executed bond for the forthcoming of the property, pursuant to the provisions of section 214 of the Civil Code of Practice, with the appellant, United States Fidelity & Guaranty Company, as his surety thereon, upon which the sheriff released his possession of the property under the levy. Later plaintiffs in that action amended their petition and asserted therein a cause of action against the Frys, and alleged that, because of transactions therein set out, they had a contractual lien upon the attached property in addition to the one created by the levy of the attachment.

The Frys contested their liability as asserted by the amendment, but upon trial a personal judgment was rendered against them, and they appealed therefrom to this court where the judgment was affirmed in the case of Fry v. Albert, 237 Ky. 212, 35 S. W. (2d) 278. In that opinion we stated that the amendment was a departure from the original cause of action, but that, inasmuch as defendants did not seek to take advantage of it in the trial court, the departure could not be regarded on appeal as having any defensive effect, nor did we give it any such effect in that opinion, which, of course, was upon the theory that the error so committed was waived and thereby cured. In the judgment appealed from in that case and affirmed by us, the attachment which was levied on the sawmill and its outfit was expressly sustained.

After the mandate was filed in the court below, the plaintiffs in the judgment (appellees here) instituted an independent action against the principal and surety in the forthcoming bond alleging the facts as we have stated them, and also that the attached property had been removed by the principal in the forthcoming bond into the state of Virginia, and that it was then without the jurisdiction of the court, and a judgment was prayed against both the principal and the surety on the bond for the full amount of plaintiff's judgment debt, since it was also alleged that the property was worth more than that amount. Counsel for plaintiffs in that action became convinced, after answer filed, that under our opinion in the case of Deposit Bank of Frankfort v. Thomason, 66 S. W. 604, 606, 23 Ky. Law Rep. 1957, the action was premature, since the obligors in the forthcoming bond had not been given an oppor-

tunity to produce the property so that the court might subject it to the satisfaction of the judgment. Thereupon counsel for appellees herein, and who were plaintiffs in that action, procured an order from the court directing the sheriff to demand of all the obligors in the bond the possession of the attached property so that it might be subjected to plaintiff's debt by the necessary orders, but nothing was accomplished thereby, since the principal in the bond, as well as the attached property, was out of the jurisdiction of the court and in the state of Virginia.

Counsel for appellees then gave notice of the day and hour (August 17, 1931, at 3 o'clock) of their intention to enter motion requiring the obligors in the forthcoming bond to produce the property, or, if that was not or could not be done, then to ask for a judgment against them for the amount of the movants' debt, interest, and costs, and that motion was made at the time designated in the notice. After a hearing upon the response thereto filed by appellant herein, the court, eleven days thereafter, found and adjudged that the attached property was of the value of $5,000, that it was out of the jurisdiction of the court, and that neither defendant in the motion offered to or did tender the property into possession of the sheriff, and followed such findings with a judgment in favor of appellees for the amount of their debt, interest and costs, and from that judgment the surety in the forthcoming bond prosecutes this appeal.

The combativeness shown by counsel in this case is made partially apparent by the fact that each of them filed three successive and responsive briefs for their respective clients, which, combined, contain more printed matter than the entire record. Many objections to the judgment are urged before us that are extremely technical and entirely immaterial at this stage of the proceedings, even if they ever remotely possessed any merit whatever. None of those falling in that class will be referred to or discussed, but we will briefly consider those of more substantial nature, and which are: (1) That the departure in the discovery action, referred to in our opinion in the Fry case, supra, had the effect of completely abandoning the original petition in that case, and in which the attachment was issued and levied, the same as if it had been absolutely dismissed, and

from that premise it is argued by counsel that the forthcoming bond forming the basis of the judgment appealed from became thereby functus officio; (2) that the litigation arising from the departing amendment, supra, filed in the discovery action, developed that the attached property was owned by a partnership consisting of Sizemore and the two Frys, and that the attachment that issued against Sizemore alone was not levied upon it as directed by section 208 of the Civil Code of Practice, and for which reason the levy was void and no liability was created by the execution of the forthcoming bond; (3) that the court, in sustaining the attachment, did not attempt to enforce the lien by ordering and directing the sheriff to sell the attached property, and for which reason the right to the summary proceeding, in which the judgment appealed from was rendered, was premature and unsustainable, and (4) that the attachment was never sustained, but which contention is in the face of the judgment rendered in the discovery action, and which was affirmed by us in the 237 Kentucky case, supra, and for that reason we will make no further reference to this ground, but the other three will be considered and determined in the order named.

■ The surety in a forthcoming bond executed pursuant to the provisions of section 214 of the Civil Code of Practice agrees that the attached property shall be forthcoming and rendered subject to the orders of the court when the litigation reaches the stage for such action, or, if it is not produced after the requisite notice and legal steps therefor, that the defendant will perform the judgment of the court, at least to the amount of the value of the attached property, and which in this case, as we have seen, is more than the amount of the judgment. He is entitled to no other defenses in a proceeding on the bond because of errors committed in the rendition of the judgment in the action in which the attachment was sustained than his principal would be entitled to. In this case, our affirmance of the judgment in the 237 Kentucky case, supra, was an adjudication that is binding on the principal and all other defendants in that case, regardless of any errors committed during its progress. In other words the judgment was an outgrowth of that litigation, although errors were committed during its progress, but which we determined in the case referred to had been waived

by the parties entitled to take advantage of them. Besides, the judgment against the particular defendant (Sizemore), rendered in the action in which the property was attached as his individual property, is still unpaid, and the plaintiff therein is entitled to an appropriate remedy on the bond, notwithstanding the judgment against the Frys, later rendered in the same case, may have been erroneous because of the departure referred to in our opinion, supra; and it is that judgment against Sizemore that is sought to be recovered in the proceedings taken herein, as well as the one rendered against the two Frys. For that reason alone this ground is not sustainable, to say nothing about the additional one that the contaminating effect of such departure was wiped out when we affirmed the judgment in the Fry opinion, supra.

■ Objection 2 is determined adversely to appellant in the Thomason opinion, supra. It was urged in that case and based upon the same grounds, but we disposed of it in this language: "The second objection is one that the other joint owner may have raised, or that the sheriff may have availed himself of before the attachment was levied. But after levy, and after the possession of the property has been delivered on the faith of this bond, and the property has been sold abroad, it is too late to raise that question." Perhaps other cases in this court could be found to the same effect, but they would add no strength to the complete answer to this objection which we therein made.

■ None of the cases to which we have been cited, nor any that we have been able to find, makes it a prerequisite to liability on the bond, of the nature and character here involved, that an order of sale of the attached property must first be entered by the court, but only that the attachment shall be sustained, and which, as we have seen, was done in this case. See Edwards-Barnard Co. v. Pflanz, 115 Ky. 393, 73 S. W. 1018, 24 Ky. Law Rep. 2296. However, such an order would have been futile in this case, since the court found that the property was out of its jurisdiction, and could not be taken possession of by its officer, the sheriff, and which fact would render an order of sale of no practical effect. Besides, it is extremely doubtful if the court could have ordered, under the circumstances, a sale of the property which was not at the

time constructively in the possession of its enforcing officer, it being at the time in another jurisdiction where its possession could not be restored to the officer, nor he in any manner repossess himself of it. It was and is that precise situation when the other alternative in the bond comes into play, to wit: "That the defendant shall perform the judgment of the court in the action," but which, it is possible, might be limited, so far as the surety is concerned, to the value of the attached property, but which, if true, is entirely immaterial in this case, because of the fact that the property was shown to be worth more than three times the amount of plaintiff's debt. Another case involving somewhat an analogous question is Holbrook v. Holbrook, 217 Ky. 77, 288 S. W. 1039.

Another point argued but not classified, supra, is that appellant's principal, C. B. Fry, was not brought before the court on the motion herein (and which was made pursuant to section 232 of the Civil Code of Practice), since the notice thereof was served on his counsel and not upon him individually, he at the time being absent in the state of Virginia to which state he removed after he obtained possession of the attached property by executing the involved forthcoming bond, and he carried with him that property. It is our conclusion that notice upon him was and is not a prerequisite to the liability of his surety who was properly served with notice of the motion in this case and responded thereto, relying therein upon the grounds we have already discussed, as well as upon this particular point. We base our conclusion upon the fact that, if a plaintiff in such a bond were compelled to get personally served notice on the principal before proceeding against his surety, then the latter would be permitted to escape liability in a great number of cases where his principal departed from the realm of the jurisdiction. Liability on the bond, when all prerequisites thereto have been complied with, is a joint one, and it is our conclusion that it may be proceeded upon by the obligee therein against any of the makers just as he may maintain an action upon a joint note, some of the makers of which were nonresidents, in which case he is permitted to sue any one or more of the obligors thereto.

But this proceeding in which the judgment appeal-

ed from was rendered is a summary one, the practice of which is outlined in chapter 2 of title 14 of the Civil Code of Practice, beginning with section 622, and extending to and including section 633, and chapter 5 of title 10 same Code (sections 444-449). Section 625, chapter 2, tit. 14 expressly prescribes how a notice in such summary action may be served, a part of which reads: "Or, if the person to whom the notice. is directed cannot be found and has no known place of abode in this State, the notice may be served by delivering a copy to his agent or attorney," and a part of section 631, within the same chapter, says: "Unless it be otherwise specially provided in this Code, a notice to a party in an action of any motion or proceeding to be made or taken therein, in court or before a judge, may be served upon such party or his attorney." The notice was served on the attorney for the principal in the bond in this case (C. B. Fry) and which we think suffices, and which we also conclude furnishes a sufficient answer to this argument.

It is also urged in brief for appellant that the summary action in which the judgment was rendered was not recorded upon the docket of the court under the style of the original suit which ran as "E. V. Albert etc. v. C. B. Fry etc.," but that the notice was styled and placed upon the docket as "E. V. Albert etc. v. United States Fidelity and Guaranty Company, etc," and for that reason the whole proceedings are void, but with which we by no means agree. We find no provision of the Code, nor any opinion of this court, even directing, much less requiring that such motion must be made in the original action. It, of itself, is an independent proceeding, based upon what occurred in the original action, it is true, but it is not required to be under the same style or wear the same garments of such action, upon the order book of the court. Appellant was by no means misled because of this objection, and we conclude that it is entirely without merit.

Condensely stated, the facts in this case are: That a judgment was rendered against the attachment debtor in the action in which the attachment issued. It was levied on property that was later released by the execution of the forthcoming bond the basis of this summary proceeding. It was later sustained, but no property had then been removed out of the jurisdiction of the

court into another state. The obligors in the bond are bound by the proceedings of the court culminating in such orders, and may not question them in a proceeding of this character. Appellant was duly notified of this motion, and had every opportunity to exonerate itself from liability, or upon failure, to produce the property for subjection to the satisfaction of the attachment lien. Such facts bring this case squarely within the enunciations of the Thomason opinion, supra, except in it there was no order sustaining the attachment. It is true this language was employed therein: "Until there has been a judgment subjecting the property, and the judgment debtor has failed to satisfy it, there is not a breach," but we do not conclude therefrom that the court through the learned writer of that opinion, intended to lay down the mandatory rule that no liability on the bond could be adjudged until an order was made, following the sustaining of the attachment, that it be sold. Especially do we so conclude when the property was out of the jurisdiction of the court, and an order of sale would have been vain and purposeless, as impossible of enforcement.

Finding no error prejudicial to the substantial rights of appellant, the judgment is affirmed.