## Henry et al. v. McHargue.

(Decided May 31, 1935.)

C. R. LUKER and ALFRED P. LEWIS for appellants.

WM. LEWIS and RAY C. LEWIS for appellee.

OPINION OF THE COURT BY JUDGE STITES—Dismissing in part and reversing in part.

This is an appeal from a judgment against J. T. Henry in the sum of $3,000, and against the Schaefer Tailoring Company and the A. Nash Company in the sum of $2,000, rendered pursuant to the verdict of a jury.

J. T. Henry is a resident of Asheville, N. C., and an employee of the A. Nash Company. On Sunday, October 29, 1933, he was driving his own automobile through Laurel county, Ky., on his way to Chicago to attend the World's Fair. He was accompanied by his sister and two other persons. As he passed through Lily, Ky., he struck and injured appellee, Harry Mc-Hargue, and this action arises as a result of the accident. Suit was originally filed against J. T. Henry and the Schaefer Tailoring Company alone. Process was quashed against Henry and the Tailoring Company, but Henry thereafter filed a general demurrer to the petition, thereby entering his appearance, and the A. Nash Company, on its own motion, was made a defendant on the ground that the Schaefer Tailoring Company was not a separate corporate entity, but a department of the Nash Company, and leave was given the Nash Company to defend in its own name. When the demurrer of J. T. Henry to the petition was overruled, he filed an answer in the form of a general denial and a plea of contributory negligence. Following this, an order was entered striking from the record the name of the attorney representing the defendant Henry. There is no showing that any notice was given Henry of this withdrawal by his attorney, and no further defense was made on his behalf. The record gives no hint as to the authority of the attorney to make him a party appellant here. No argument is advanced in his behalf. Under the circum-stances, we do not feel at liberty to pass upon the rights of Mr. Henry.

The only proof that Mr. Henry was operating his car within the scope and course of his employment consists in testimony of a doctor who stated that after the accident occurred he received a letter from an acquaintance, on the letterhead of the Schaefer Tailoring Com-

pany, thanking him for his courtesy to Mr. Henry at the time of his difficulty. The letter itself was not produced, and, as paraphrased by the doctor, it gave no indication that Mr. Henry was at the time of the accident acting for or on behalf of his employer. It was nothing more than a courteous expression of appreciation on behalf of Mr. Henry and an admission that he was employed by the Schaefer Tailoring Company—a fact which was never denied. It seems obvious that this testimony did not rise to the dignity of a scintilla of proof and that the court clearly erred in failing peremptorily to instruct in favor of the defendants Schaefer Tailoring Company and the A. Nash Company. The testimony to the effect that the name of the Schaefer Tailoring Company was on the side of the car was no more effective to show the status of Mr. Henry at the time of the accident than was the letter. Ashland Coca Cola Bottling Co. v. Ellison, 252 Ky. 172, 66 S. W. (2d) 52.

Other questions presented have not been considered, and are reserved.

The appeal of J. T. Henry is dismissed without prejudice. On the appeal of the Schaefer Tailoring Company and the A. Nash Company, the judgment is reversed.