## United States Fidelity & Guaranty Co. v. McHargue.

(Decided Oct. 30, 1936.)

H. C. CLAY for appellant.

WILLIAM LEWIS & SON for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Reversing.

In October, 1933, appellee sued J. T. Henry and his employer, the Schaefer Tailoring Company, on account of injuries caused by Henry's negligent operation of his automobile. Upon a hearing the jury awarded appellee $3,000 against Henry. On appeal to this court Henry's appeal was dismissed. See Henry et al. v. McHargue, 259 Ky. 695, 83 S. W. (2d) 38.

At the time of the accident Henry, the driver and owner of the automobile, was a resident of North Carolina. In the original petition such facts were set out as authorized the levy of an attachment on Henry's car, and same was levied on the day following the filing of the suit. On the same day (October 30, 1933), Henry, as principal, and appellant, as surety, executed the following bond:

"We, J. T. Henry, principal and the United States Fidelity and Guaranty Company, his surety, bind ourselves to the plaintiff, * * * in the sum of $1,-000.00, that the defendant, J. T. Henry and the defendant Schaefer Tailoring Company, shall perform the judgment of the court in the above styled action, or that the property attached therein or its value shall be forthcoming and subject to the orders of the court."

The instant suit was filed October 29, 1935, appellee seeking to recover on the bond above set out. The petition set out all proceedings leading up to the recovery of the judgment above mentioned, the obtaining of the attachment, its levy, the execution of the bond and the release of the car to Henry by the sheriff. In addition, it was alleged that the judgment against Henry was at the time of the instant suit in full force and effect. Execution had issued on the judgment with a resultant return of "no property found." The petition also states that upon the verdict of the jury in the former case the court entered a personal judgment against Henry and sustained the attachment.

It is then alleged that appellant had breached the obligation created by the execution of the bond, in that it and the principal had failed to perform the judgment of the court or to produce to the court the attached property or its value; that upon the release of the car Henry immediately removed it from this state, beyond the jurisdiction of the court, and has since kept it out of the state and the court's jurisdiction. Appellee asked judgment for $1,000, the sum named in the bond.

A demurrer to the petition was overruled. Appellant answered, first denying the allegations of the petition, and in a second paragraph pleaded that Henry had purchased the automobile in question for the sum of $751.35, of which $234 was paid, the balance of $517.35 to be paid in monthly installments of $33 to the General Motors Acceptance Corporation at its office in Cincinnati, to which corporation the mortgage executed by Henry to the vendor had been assigned. The mortgage was duly recorded in the proper office in Hamilton county, Ohio.

It is then pleaded that on October 30, 1933, the time of the levy of the attachment, there was owing on said debt more than $418.35 as part of the purchase price of the car, which sum was more than the market value of the car at the time of the attachment levy.

The appellant pleader concluded that at the time of the levy of the attachment Henry had no other interest save an equity, which at the time mentioned was nil, because he owed the mortgagee in excess of the fair cash value of the car. It is also pleaded that the "court in said action made no order directing any disposition of the car," nor did it "direct that said car be subjected to the payment of plaintiff's debt, and for that reason no covenant of said bond has been broken."

A reply (without waiving demurrer) was filed, it being a general denial of the answer, except it was admitted that the court made no order subjecting the car to sale for the payment of the debt, because the principal and surety failed to produce the car as they had agreed in the bond to do. There was a rejoinder denying such allegations of the reply as undertook to set up any affirmative matter, most of which, as we view the pleadings, amounted to a reiteration of pleas contained in the petition.

On May 27, 1935, appellant filed an amended and supplemental answer in which was set out certain conditions of the mortgage executed by Henry to the corporation, particularly with relation to the rights of the mortgagee to repossess without notice or court procedure upon failure of the mortgagor to comply with terms and conditions. It is the usual repossession clause common to such contracts.

It is further set out that between August 26, 1933, and August 16, 1934, Henry made various payments to the corporation on the debt, so that in September, 1934, the debt on the car was reduced to the sum of $55.25. That payment not having been met, the corporation repossessed the car, and that since the mortgagor took possession Henry has not realized anything from "said car over and above indebtedness, and said car is now in the possession of the Acceptance Corporation."

Appellee demurred to the second paragraph of the original and to the whole of the amended answer, both of which the court sustained. Appellant declined to plead further and proceeded to trial, standing on its answer as amended.

By agreement of parties the cause was submitted to the court without the intervention of a jury, and proof was taken before the court. The proof on behalf of appellee was confined to the value of the automobile at the time it was attached. Proof by appellant was as to the sale of the car, the execution of the mortgage and its assignment to the acceptance corporation.

Prior to October 29, 1933, Henry paid the sum of $99, leaving due $418.35. After this date there were eleven payments made, leaving a balance on October 16, 1934, of $55.34, with interest. This amount was never paid, and later the corporation repossessed the car and at the date of the deposition (October 14, 1935) the car was in its possession.

Other proof was introduced showing that under the laws of Ohio a chattel mortgage executed by a nonresident was required to be recorded in the county in which the property is situated at the time of its execution. Also that a properly executed and recorded mortgage, under decisions of the Ohio courts of last resort, had been held to constitute a "first and best lien" on the mortgaged chattel. In other words, a lien thus created was

held to be superior to claims of subsequent creditors where no fraud was shown.

On a hearing of the case the lower court found that the "automobile attached and described in the pleadings was at the time of the execution of the bond to discharge the attachment, of the reasonable market value of Six Hundred Dollars," and adjudged that since the conditions of the bond had been broken plaintiff should recover of defendant said sum with interest.

Both parties agree that the bond in question was executed under section 214 of our Civil Code of Practice and we agree. The court held that appellant was liable on the attachment bond to the extent of the value of the car at the time of the attachment, but the clearly proven and undenied lien existing at the time of the execution of the attachment was not considered. The court should have fixed the amount of recovery on the bond at what was shown to be the value of the car at the time of the execution of the attachment, subject to valid existing liens. This principle is made clear by reference to Hayman & Co. v. Hallam, 79 Ky. 389, Star Drilling Co. v. McLeod, 122 Ky. 564, 92 S. W. 558, 29 S. W. 558, 29 Ky. Law Rep. 84. An attaching creditor acquires no greater right than that of the debtor at the time the attachment is served. Amick v. Goodykoontz, 241 Ky. 315, 43 S. W. (2d) 1000, citing with approval and to the same effect Stivers v. Steele, 230 Ky. 700, 20 S. W. (2d) 717. See, also, Winchester Bank v. Clark County Bank, 51 S. W. 315, 21 Ky. Law Rep. 311; Cairns v. Louisville & N. R. R. Co., 248 Ky. 84, 58 S. W. (2d) 248. The service of attachment October 30, 1933, created a lien on the car, subject to such valid liens as then existed against it, and since there is no dispute that a valid lien was in existence at the date mentioned, the car was attached subject to that lien.

It is contended by appellant that an action on the bond does not accrue until there is a judgment subjecting the attached property, or directing its delivery, and the judgment debtor has failed to comply. It is true that cases are cited which support the contention of appellant, but they are not applicable here. In United States Fidelity & G. Co. v. Albert, 248 Ky. 375, 58 S. W. (2d) 644, 646, we said:

"The surety in a forthcoming bond executed pur-

suant to the provisions of section 214 of the Civil Code of Practice agrees that the attached property shall be forthcoming and rendered subject to the orders of the court when the litigation reaches the stage 'for such action, or, if it is not produced after the requisite notice and legal steps therefor, that the defendant will perform the judgment of the court, at least to the amount of the attached property.''

Pursuing this pronouncement, the court then said:

''However, such an order would have been futile in this case, since the court found that the property was out of its jurisdiction, and could not be taken possession of by its officer, the sheriff, and which fact would render an order of sale of no practical effect.''

Here it is pleaded by appellee that the car in question, upon execution of the bond, was at once removed by Henry; taken out of the State and away from the jurisdiction of the court. This was denied by appellant, but in its pleading it is alleged that the car was repossessed by the Acceptance Corporation ''and is now in its possession.''

In the Albert Case, supra, this court summed up, and so doing, recited substantially facts here existing, and said:

''Such facts bring this case squarely within the enunciations of the Thomason opinion, supra [66 S. W. 604, 23 Ky. Law Rep. 1957], except in it there was no order sustaining the attachment. It is true this language was employed therein: 'Until there has been a judgment subjecting the property, and the judgment debtor has failed to satisfy it, there is not a breach,' but we do not conclude therefrom that the court, through the learned writer of that opinion, intended to lay down the mandatory rule that no liability on the bond could be adjudged until an order was made, following the sustaining of the attachment, that it be sold. Especially do we so conclude when the property was out of the jurisdiction of the court, and an order of sale would have been vain and purposeless, as impossible of enforcement.''

In Stivers v. Steele, 230 Ky. 700, 20 S. W. (2d) 717,

we held that an attaching creditor acquires no greater right than the attachment defendant had at the time of the service of the order, and cited cases in support of that principle, among them, Star Drilling Co. v. McLeod, 122 Ky. 564, 92 S. W. 558, 559, 29 Ky. Law Rep. 84, in which case the facts being similar, we said in reference to the equity of the attaching creditor:

> " 'This equity cannot prevail against an elder equity, for as between mere equities that which is prior in time is regarded as best, and takes precedence over any which may be subsequently created.' An attaching creditor can acquire no greater right in attached property than the attachment defendant has at the time of the attachment. He simply obtains by his attachment such rights as the debtor then had. Drake on Attachments, sec. 245. It follows, therefore, that the attaching creditors of McLeod obtained by their attachments only a lien on the machinery referred to, subject to the older equity of the drilling company.' ''

Reference also may be had to the older cases of Swigert v. Bank of Kentucky, 17 B. Mon. (56 Ky.) 268, 289; Schwein v. Sims, 2 Metc. (59 Ky.) 209. The principles laid down by this court in the cases cited are so well established that it is at once apparent that the court below should not have given a judgment against appellant for the sum of $600. The attachment was levied on Henry's car October 30, 1933, on which same day the forthcoming bond was executed. The proof shows the car was purchased on July 26, 1933, its credit price being $751.35. The trade in allowance on Henry's old car was $234, leaving a balance due of $517.35, which was financed through the Acceptance Corporation for sixteen months.

After the corporation took over the contract, Henry made three payments up to October, 1933, as per its terms of $33 each month, making a total of $99, reducing its lien debt to $418.35.

The court below adjudged the value of the car on the date of attachment to be $600. This was based on the opinions expressed by three witnesses, whose testimony taking a general average, fixed the value at about $650. Some of this evidence may have been incompetent, but there was enough competent evidence to justify the court's conclusion.

There was no evidence offered by appellant as to the value of the car on the date of attachment, so we see no reason why we should not accept the court's conclusion as to value, therefore so accepting it, we conclude that the court should have rendered judgment for the sum of $600, less the debt of the Acceptance Corporation on that date. This made Henry's interest, on the day of attachment, $181.65, for which amount the court should have rendered judgment against the surety.

From what we have said above with regard to the two liens and the then existing rights of the two creditors, it is clear that the court below correctly sustained the demurrer to the supplemental answer, but since the second paragraph of the original answer presented a valid defense, the court erred in overruling same, and in rendering judgment for $600.

Judgment reversed, with directions to set aside and enter in its stead a judgment for $181.65.